IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**
EASTERN DISTRICT OF OKLAHOMA

AUG 1 5 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

HUIE D. BROWN, )
)
          Plaintiff, )
)
v. ) Case No. CIV-10-313-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
          Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Huie D. Brown (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 12, 1965 and was 43 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant has worked in the past as a commercial truck driver, auto parts salesman, tire repairer, and lawn care worker. Claimant alleges an inability to work beginning

3

September 1, 2008, as amended at the administrative hearing, due to limitations resulting from depression and back pain.

## Procedural History

On January 9, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 17, 2009, an administrative hearing was held before ALJ Deborah Rose in Tahlequah, Oklahoma. On November 25, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On July 14, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to afford the proper weight to the opinions of Claimant's treating physician; (2) engaging in an improper credibility analysis; (3) arriving at an improper RFC; and (4) posed improper hypothetical questions to the vocational expert that did not accurately reflect Claimant's limitations.

**Opinions of Claimant's Treating Physician**

Claimant asserts the ALJ erroneously failed to give the required weight to the opinion of his treating physician, Dr. Ronald Myers, Sr. Dr. Myers treated Claimant's back pain from approximately April 25, 2008 through July 30, 2009. This Court first agrees with the ALJ's assessment that the records provided from Dr. Myers are largely illegible. However, it is apparent that he never recommended any treatment beyond oral medications and he did not refer Claimant for evaluation by a specialist. (Tr. 315-20, 323-27).

On August 1, 2008, Claimant underwent an MRI on his back. The findings were essentially normal, save for a possible, "very slight posterior midline bulge at 5-6 and 6-7 but not of any significant degree." (Tr. 328).

On October 8, 2008, Dr. Myers completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on

5

Claimant. He determined Claimant could occasionally and frequently lift and/or carry less than 10 pounds, stand and/or walk less than 2 hours in an 8 hour workday, sit for less than 6 hours in an 8 hour workday, and was limited in his ability to push and/or pull with his lower extremities. Dr. Myers also concluded that Claimant could only occasionally climb and crawl but never kneel and crouch. He limited Claimant's exposure to vibration, humidity/wetness, and hazards. Dr. Myers stated that Claimant's radioculopathy and arthritis precluded him from being in heights or around machinery and that his medication was a limiting factor. (Tr. 312-14).

The ALJ found Dr. Myers' opinion set forth in the medical source statement was not supported by his treatment records. She also noted the "fairly mild findings" from the MRI on Claimant's back and the conservative treatment given by Dr. Myers. (Tr. 18-19). The ALJ concluded Claimant retained the RFC to perform light work, except that he is only able to occasionally lift and/or carry ten pounds and frequently lift and/or carry twenty pounds. She also found Claimant could stand and/or walk and sit six hours in an 8 hour workday and is able to occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 16).

The ALJ is required to give a treating physician's opinion controlling weight, unless circumstances justify giving it a lesser

weight. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ expressly states she gave Dr. Myers' opinion set forth in his medical source statement little weight. This Court must agree with the ALJ that nothing in the medical record supports the limitations Dr. Myers establishes in his statement. Nothing in the objective MRI testing performed and read by a qualified radiologist would support the extreme restrictions Dr. Myers placed on Claimant's work activity. Indeed, Dr. Myers did not even hint in his treatment records that he considered more extensive treatment than oral pain medication. Claimant contends further treatment was precluded by his financial situation. However, Dr. Myers records

do not indicate that he would recommend more invasive treatment of Claimant's condition such as surgery but for Claimant's lack of financial ability. For all intents and purposes, Dr. Myers' restrictions and opinion of near total disability appear to materialize without support. As a result, this Court finds no error in the ALJ's attribution of reduced weight to Dr. Myers' opinion.

## Credibility Analysis

Claimant does not challenge the accuracy of the ALJ's recitation of his testimony at the administrative hearing in the briefing. Claimant testified that he is not able to work because his back tries to lock up on him and that he suffers from bulging disc and arthritis. He states his back hurts every day and he uses a cane to walk, although no cane has been prescribed by a physician. Claimant sleeps for two to three hours before his back pain wakes him up. He is able to sit for five to ten minutes before needing to get up. He cannot help his wife with the housework or cooking and has trouble reading. He cannot go fishing, mow the yard, walk the dog, ride horses, or work on cars. H cannot take walks. Claimant testified he has difficulty taking a shower, riding in a car, or sitting for long periods. He stopped four times on the way to the hearing. Claimant has trouble reading

9

and doing math. He experienced problems with his depression and sought treatment but stopped because it did not seem to help. He started going to church which helped his depression. He does not help with shopping. (Tr. 16-17).

In a Function Report - Adult completed by Claimant, he reported he sits on the couch and watches television all day. He does not want to go out in public and does not feel comfortable around other people. He has no problem with personal care. He needs reminders to take his medication, pick up his clothes and to eat. His wife does all of the cooking. He does not drive or go out alone. He is able to go grocery shopping once a month with his wife. He cannot pay bills or handle a bank account, but he can count change. He does not have hobbies because he cannot pay attention or concentrate on anything for long and he doesn't understand like he used to. He does not understand instructions and he cannot handle stress. (Tr. 17).

The ALJ cited numerous bases for doubting Claimant's credibility. Claimant originally stated he did not work after December 27, 2007 but earnings records revealed he engaged in gainful employment in 2008 such that he had to alter his original date of disability. (Tr. 14). He informed his health care provider that he was looking for work in January of 2008, despite

his statements that he was unable to walk, drive and do household chores. (Tr. 279). He told a health care provider in February of 2008 that he planned to go fishing the next day. (Tr. 270).

Additionally, the ALJ drew certain reasonable inferences from the evidence. Namely, Claimant testified his wife performs most of the household chores. Yet, he also testified his wife was disabled and had undergone back surgery the day before the administrative hearing. She had also undergone a kidney transplant. Claimant also did not state he had any outside help with the yard or house, leading the ALJ to conclude he is performing at least some of these chores. (Tr. 19).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of

any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

This Court finds the ALJ's rejection of Claimant's credibility is supported by her analysis of Claimant's testimony and the facts in the medical record. Further, Claimant's degree of disability which his lack of activity would have to require is not found in the objective medical record. As a result, the ALJ's credibility analysis is well-founded.

### RFC Determination

Claimant essentially argues that the ALJ's RFC conclusions are flawed because Dr. Myers' opinion was not adequately considered. This Court has found no error in the ALJ's rejection of Dr. Myers' opinion and, therefore, no error in her RFC determination.

### Hypothetical Questioning of the Vocational Expert

Claimant also contends the ALJ failed to include the

limitations found by Dr. Myers in her questioning of the vocational expert and, therefore, she could not rely upon the expert's conclusion in finding jobs were available in the economy for Claimant to perform. Since the ALJ's rejection of Dr. Myers was not erroneous, her failure to include his limitations in her questioning of the vocational expert did not constitute error.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE